# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY DON SMITH,<br><br>          Petitioner,<br><br>    v.<br><br>JOE LIZZARAGA,<br><br>          Respondent. | No. 2:18-CV-0064-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition (ECF No. 10) as time bared because it was filed past the one-year statute of limitations period.

///
///
///
///
///
///
///
///

1

# I. BACKGROUND

## A. Procedural History

Petitioner is currently serving a forty-one year sentence after a conviction of forcible rape and forcible sexual penetration. ECF Nos. 1 and 10. Petitioner appealed his conviction and on April 18, 2016, the California Court of Appeal, Third Appellate District affirmed the judgment. Id. Petitioner filed a petition for review in the California Supreme Court, which was denied on June 22, 2016. Id. Petitioner filed a petition for a writ of habeas corpus in Yuba County Superior Court on January 29, 2017, which was denied on April 17, 2017. ECF Nos. 11-5 and 11-6. On July 9, 2017, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, Third Appellate District, which was denied on August 3, 2017. ECF Nos. 11-7 and 1-8. Petitioner then filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on November 1, 2017. ECF Nos. 11-9 and 11-10. Petitioner filed this habeas petition in the United States District Court for the Eastern District of California on January 4, 2018. ECF No. 1.

## B. Habeas Claim

Petitioner asserts four grounds for relief in his petition. (1) Petitioner asserts he was deprived his Fifth and Fourteenth Amendment rights to due process and to a fair trial by the admission of Samantha Bumgardner's testimony. ECF No. 1 at 5. (2) Petitioner asserts inadmissible evidence was admitted in violation of his due process rights, and that his counsel was ineffective. Id. at 7. (3) Petitioner asserts his right to be free from prejudicial error was violated during trial. Id. at 8. (4) Petitioner asserts his Sixth Amendment right to effective counsel was violated at the trial court level. Id. at 10.

# II. DISCUSSION

Respondent argues the petition should be dismissed because the petition is time barred. Specifically, Respondent argues the 83-day delay between the denial of Petitioner's first petition filed in Yuba County Superior Court, and Petitioner's filing of his second petition in the California Court of Appeal, was unreasonable, and thus presumptively untimely. For that reason,

Respondent argues, Petitioner is only entitled to tolling for his first state habeas petition, making his federal habeas petition untimely.

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). *See Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997).[1] Title 28 U.S.C. § 2244(d) provides the following:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief is pending in state court. See 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed," however, if it is authorized by and in compliance with state law. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). It bears noting that there is no tolling for periods of unreasonable delay between state court applications. See Carey v. Saffold, 536 U.S. 214, 225 (2002).

///

///

As noted above, Petitioner's direct appeal to the California Supreme Court was denied on June 22, 2016. ECF Nos. 11-4 and 11-5. Petitioner was given the statutory ninety-day period to file a petition for writ of certiorari with the United States Supreme Court, which ended on September 20, 2016. Having filed no petition for certiorari, the statute of limitation period began to run the following day on September 21, 2016. The clock ran for 130 days until Petitioner filed his first petition for a writ of habeas corpus in the Yuba County Superior Court on January 29, 2017. At this point the statute of limitations clock stopped pursuant to 28 U.S.C. § 2244(d)(2) until the Yuba County Superior Court issued its order denying the petition on April 17, 2017. Petitioner then waited until July 9, 2017 – 83 days after his first petition was denied – before filing his second petition for a writ of habeas corpus in the California Court of Appeal, Third Appellate District. Respondents argue this 83-day delay is unreasonable and thus his petition filed on July 9, 2017, was untimely. This Court agrees.

In evaluating whether a delay in filing a California application for post-conviction relief is unreasonable, a federal habeas court must compare the delay to "the short period[s] of time, 30 to 60 days, that most States provide for filing an appeal." Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir. 2011) (internal quotations and citations omitted). In Velasquez, the Ninth Circuit noted that a delay of eighty-one days was, absent some adequate explanation, unreasonable insofar as it was "nearly a full month beyond the deadline in most states." Id. at 968. Petitioner has not offered any persuasive justification for his 83-day delay. Accordingly, Velasquez governs and compels the conclusion that the 83-day delay before the filing of his petition with the California Court of Appeal was unreasonable. For that reason, Petitioner receives no tolling during the period between the denial of his habeas petition in the Yuba County Superior Court and the filing of his third Petition for a writ of habeas corpus in the California Supreme Court. Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (holding none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period).

///

///

Respondent further argues because the second habeas petition was untimely so too is the third habeas petition. This Court disagrees. Though Petitioner waited an unreasonable amount of time, 83-days, between the denial of his first petition and the filing of his second petition, the same cannot be said about the period between the denial of the second petition and the filing of the third. The California Court of Appeal denied Petitioner's second petition on August 3, 2017. Petitioner filed his third petition with the California State Supreme Court thirteen days later on August 16, 2017. This is not an unreasonable delay. Rather, it is well within the filing period required by most states. See Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir. 2011) (stating most states allow for 30 to 60 days for filing an appeal).

Additionally, though it is true Petitioner's second habeas petition was untimely and thus not properly filed, this Court can find no authority compelling it to find the third petition untimely *because* the second petition was untimely. Respondent cites three cases in support of their argument here: Pace v. DiGuglielmo, Bonner v. Carey, and Curiel v. Miller. Having reviewed each, this Court can find no rule requiring it to find Petitioner's third petition untimely because his second petition was untimely. For that reason, this Court finds that Petitioner's third petition was timely and thus Petitioner should receive tolling for the period of time his third petition was pending in the California State Supreme Court.

Because Petitioner should receive tolling for the period of time his third petition was pending in the California Supreme Court, this court finds his federal habeas petition to be timely. For clarity this Court will review the timeline: The one-year statute of limitations clock began to run on September 21, 2016, 90 days after the California Supreme Court denied his direct appeal. The clock ran for 130 days until Petitioner filed his first petition in Yuba County Superior Court on January 29, 2017. The clock stopped running for 78 days from January 29, 2017, until April 17, 2017, when the Yuba County Superior Court denied the petition. The clock began to run once more for 121 days from April 17, 2017, to August 16, 2017.[1] The clock

---

[1] 83 days for the period between the denial of the first petition and the filing of the second petition, 25 days while the petition was pending at the California Court of Appeal because the second petition was untimely, and 13 days for the period between the denial of the untimely second petition and the filing of the third petition.

5

stopped running again for 77 days from August 16, 2017, when Petitioner filed his third petition in the California Supreme Court, until November 1, 2017, when the California Supreme Court denied the petition. The clock ran for another 64 days until Petitioner filed this habeas petition on January 4, 2018. Based on the above timeline, this Court finds the one-year statute of limitations lapsed on February 18, 2018. Because Petitioner filed his federal habeas petition on January 4, 2018, the petition is timely.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 10) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE