IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY DON SMITH,<br><br>    Petitioner,<br><br>v.<br><br>JOE LIZZARAGA,<br><br>    Respondent. | No. 2:18-CV-0064-KJM-DMC-P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss the petition (ECF No. 10) as time bared because it was filed past the one-year statute of limitations period. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On May 8, 2019, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Respondent filed timely objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court

/////

finds the findings and recommendations to be generally supported by the record and by proper analysis, with the following clarification.

Respondent argues the magistrate judge improperly found the petition timely. Respondent asserts the magistrate judge properly determined the time between the habeas petition filed in the superior court and the petition filed in the court of appeal was unreasonable and thus untimely for tolling purposes. However, respondent takes issue with the magistrate judge's determination that petitioner should receive tolling for the period of time the petition was pending with the California Supreme Court. Specifically, respondent argues if a petition is found by a district court to be untimely for tolling purposes in a California superior court or California court of appeal, the petition cannot be timely in any subsequent California court. For that reason, respondent asserts that because the petition was found untimely for tolling purposes in the California Court of Appeal the petition cannot be timely for tolling purposes in the California Supreme Court.

Respondent cites *Curiel v. Miller*, for the proposition that "a petition is either timely or it is not." In *Curiel*, the state superior court denied the petition as untimely, the state court of appeal silently denied the petition, and the state supreme court denied the petition on alternative grounds, not timeliness. *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016) (en banc). The court held the California Supreme Court's alternative ruling indicated the petition was timely and thus overruled the lower court's finding of untimeliness. *Id*. The *Curiel* court's holding relates to the effect of a higher court's timeliness finding on a lower court's finding of untimeliness, and so is inapposite to this case. Here, the superior court did not deny the petition as untimely, and the California Court of Appeal's and California Supreme Court's summary denials do not provide a clear indication whether the petition was timely or not.

The question here is whether, for tolling purposes, absent clear indication of timeliness from the state courts, a district court may look at each gap between a petitioner's state habeas petitions to determine whether tolling is appropriate. In other words, may a district court determine tolling on a level by level basis. The Ninth Circuit's opinion in *Velasquez v. Kirkland* is instructive. In determining whether Velasquez was entitled to tolling, the Ninth Circuit

2

analyzed "each of the gaps between Velasquez's state habeas petitions." *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011). In its review of both "gaps," the court determined that both the gap between Velasquez's superior court and court of appeal petitions, as well as the gap between Velasquez's court of appeal and Supreme Court petitions, were "far longer than the Supreme Court's thirty-to-sixty-day benchmark . . . ." *Id.* The court goes on to note "[w]ithout an explanation for these lengthy delays" the court could not conclude the petitions were timely and thus could not afford Velasquez tolling. *Id.*

The Ninth Circuit's analysis in *Velasquez* demonstrates that a federal court may look at each level to determine whether tolling is appropriate. If the Ninth Circuit intended to adopt the position the government argues here, where a determination of untimeliness at one level prevents a federal court from determining timeliness at a subsequent level, the Ninth Circuit's analysis would have ended with the determination Velasquez's second petition was untimely. The Ninth Circuit, however, looked at "each of the gaps" between Velasquez's petitions to determine if tolling was appropriate, first determining the gap between the first and second petitions was unreasonable and then determining the gap between the second and third petitions was unreasonable.

Indeed, the Circuit's analysis is consistent with Supreme Court precedent. In *Evans v. Chavis,* the Supreme Court indicated that federal courts must interpret California's reasonableness standard in a way that does "not lead to filing delays substantially longer than those in States with determined timeliness rules." *Evans v. Chavis*, 546 U.S. 189, 190 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 222-223 (2002)). By looking at each level to determine tolling, federal courts are best able to guard against substantial filing delays, by tolling only those periods that comport with the "thirty-to-sixty-day" benchmark. This court, along with others, has recognized this approach and engaged in the same level by level analysis. *See Peterson v. Hubbard*, No. 2:15-CV-0689-KJM-KJN P, 2017 WL 698280, at *4 (E.D. Cal. Feb. 21, 2017) (finding untimely petitioner's third state habeas petition then finding subsequent petition timely), *cert. of appealability denied*, No. 17-16326, 2017 WL 9732425 (9th Cir. Dec. 15, 2017); *see also Washington v. Figueroa*, No. 16-01899-MCE-AC-P, 2017 WL 2345554 (E.D. Cal. May 30,

3

2017); *Gray v. Muniz*, No. 2:16-CV-1577-JAM-KJN P, 2017 WL 5899401, at *6 (E.D. Cal. Nov. 30, 2017), *report and recommendation adopted*, No. 2:16-CV-1577-JAM-KJN P, 2018 WL 1382361 (E.D. Cal. Mar. 19, 2018) (considering effect of *Pace*,[1] *Bonner*[2] and *Curiel* and ultimately rejecting similar argument). The court notes respondent has cited no binding authority in direct support of his position. The court need not address the issuance of a certificate of appealability ("COA") because the court's order does not constitute a final decision from which a COA may issue. 28 U.S.C. § 2253(c)(1)(a); *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 8, 2019, are adopted in full;
2. Respondent's motion to dismiss (ECF No. 10) is DENIED;
3. Respondent shall file an answer to petitioner's petition for a writ of habeas corpus within 60 days of the date of this order; and
4. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: October 1, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

[2] *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006).

4